Ray A. SHIRLEY

v.

**BROWN AND WILLIAMSON TOBACCO COMPANY.**

No. CIV-2-84-259.

United States District Court, E.D. Tennessee, Northeastern Division.

Oct. 19, 1984.

Charlton R. DeVault, Jr., Kingsport, Tenn., for plaintiff.

Lewis R. Hagood, Arnett, Draper & Hagood, Knoxville, Tenn., for defendant.

## ORDER

HULL, District Judge.

The Court has studied the Magistrate's report and recommendation in light of the plaintiff's exceptions and finds that, regardless of whether or not the Tennessee Human Development Commission Act, T.C.A. § 4–21–101, *et seq.*, permits recovery for physical and emotional injury resulting from age discrimination, it is improper to use this Court's pendent jurisdiction to widen the scope of recovery beyond the limits of the federal statute upon which jurisdiction is predicated.

Accordingly, the defendant's motion to dismiss the claims for physical and emotional injury is GRANTED.

The Court DECLINES to exercise pendant jurisdiction over plaintiff's related state law claim and this action will proceed only as a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

## REPORT AND RECOMMENDATION

ROBERT P. MURRIAN, United States Magistrate.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the defendant's pending motion to dismiss the plaintiff's claim for physical and emotional injury. Rule 12(b)(6), Federal Rules of Civil Procedure. This is an action for damages and equitable relief brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Tennessee Human Development Commission Act (THDCA), T.C.A. § 4–21–101, *et seq.*, alleging that the defendant employer discriminated against the plaintiff because of his age.

The plaintiff apparently concedes that the federal ADEA does not permit recovery for physical and emotional injury. It is the law of the Sixth Circuit and the majority of the other Circuits that the ADEA does not permit an award of compensatory damages for pain, suffering or emotional distress. *See, e.g., Hill v. Spiegel,* 708 F.2d 233 (6th Cir.1983); *Dean v. American Security Insurance Co.,* 559 F.2d 1036, 1038 (3rd Cir. 1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978).

It is the plaintiff's contention that these elements of compensatory damages are recoverable under the THDCA. T.C.A. § 4–21–124 provides as follows:

> Civil Action—Injunction—Damages, costs, attorneys fees.—Any person deeming himself or herself injured by any act in violation of the provisions of this chapter shall have a civil cause of action in chancery court to enjoin further violations, and to recover the actual damages sustained by him or her, together with the costs of the lawsuit, including a reasonable fee for his or her attorney of record, all of which shall be in addition to any other remedies contained in this chapter.

Since the THDCA was intended to be similar to the ADEA, *see* T.C.A. § 4–21–101, the undersigned is reluctant to interpret the "actual damages" language in a manner inconsistent with the interpretation which has been given the damages provisions of the ADEA by the federal courts. *Accord, Ellis v. Logan Co.,* 543 F.Supp. 586 (W.D.Ky.1982) (Kentucky statute similar to THDCA held consistent with ADEA in not allowing compensatory damages for pain, suffering or emotional distress); *Berry v. General Electric Co.,* 541 F.Supp. 800 (W.D.Ky.1982) (same).

Reading the THDCA as a whole, the undersigned believes that the Tennessee legislature was using the term "actual damages" in a limited sense which did not include compensatory damages. The THDCA provides an alternate administrative route for claimants under the Act. Claimants choosing that administrative route may recover "damages for an injury, including humiliation and embarassment, caused by the discriminatory practice...." T.C.A. § 4–21–119. The use of this different terminology is evidence that the legisla-

ture did not intend claimants pursuing the judicial route to have the full range of compensatory damages available to them that were obviously made available to those pursuing an administrative remedy. The most logical interpretation of "actual damages" under § 4–21–124 is that the plaintiff has the same remedy available judicially under the THDCA as he would have under the ADEA.

Additionally, there is a substantial question regarding this Court's power to adjudicate a pendent claim which would increase the plaintiff's recovery beyond the maximum limits set forth in the federal Act. *See* 13 Wright, Miller, Cooper, *Federal Practice and Procedure: Civil* § 3567 (Cum.Supplem.1980).

■ Based on the foregoing, it is the recommendation of the undersigned that the defendant's motion to dismiss the plaintiff's claims for physical and emotional injury be GRANTED.[1]

---

**1.** Any objections to this report and recommendation must be filed within 10 days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters,* 638 F.2d 947–950 (6th Cir.1981).