**PLASTI–LINE, INC.,**
**Plaintiff/Appellant,**

v.

**TENNESSEE HUMAN RIGHTS COM-**
**MISSION, et al.,**
**Defendants/Appellees.**

Supreme Court of Tennessee,
at Knoxville.

March 7, 1988.

Frank P. Pinchak, Chattanooga, (L. Caesar Stair, III, Knoxville, of counsel), for plaintiff/appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Mary Kendall Kallaher, Asst. Atty. Gen., Jerrold L. Becker, Knoxville, for defendants/appellees.

OPINION

HARBISON, Chief Justice.

Appellant brought this action for declaratory judgment and injunctive relief, challenging the validity of portions of T.C.A. §§ 4–21–301 to 307, the enforcement provisions of the statutes creating the Tennessee Human Rights Commission. The Chancellor upheld the validity of the statutes and dismissed the action. We affirm.

All of the challenges to the statutes raised by appellant are made under the provisions of the Tennessee Constitution. It is alleged that the procedural and enforcement provisions of the statutes violate the principle of separation of powers, the constitutional guarantee of the right to trial by jury, and the constitutional provisions pertaining to the election of state judges. We find no merit in these claims.

The case arose under the provisions of T.C.A. § 8–50–103, prohibiting discrimination in the employment of handicapped persons. Portions of that statute provide that aggrieved persons may file with the Tennessee Human Rights Commission a written sworn complaint. Thereafter the Commission shall follow the procedure and exercise the powers and duties provided in T.C.A. §§ 4–21–302 to 311, and the aggrieved claimant shall have all rights provided therein. T.C.A. § 8–50–103(b).

The Tennessee Human Rights Commission was first established by 1978 Tenn. Pub.Acts, Ch. 748. The statutes have been amended on several occasions. Their purposes are to provide for execution within Tennessee of the policies embodied in the Federal Civil Rights Acts of 1964, 1968 and 1972 and the Age Discrimination in Employment Act of 1967 and to prohibit discriminatory practices in employment, public accommodations and housing. The provisions prohibiting discrimination in the hiring of handicapped persons originated in 1976 Tenn.Pub. Acts, Ch. 457, and by subsequent amendments proceedings under this Act were placed under the statutes governing the Tennessee Human Rights Commission.

Appellant is a private employer against which a claim of discrimination was filed by Robert O. Wilks with the Tennessee Human Rights Commission. After investigation the staff of the Commission issued an initial determination finding that reasonable cause existed to believe that discrimination in fact had occurred. Efforts at conciliation were unsuccessful. Subsequently the matter was set for an administrative hearing pursuant to T.C.A. § 4–21–304. Appellant then filed this action in chancery court to enjoin the proceedings. The discrimination claim has never been heard or disposed of on its merits.

Essentially appellant insists that types of relief which the Human Rights Commission may grant include those traditionally awarded by courts, so that in fact the Commission constitutes a judicial body, or court, within the executive branch of state government in violation of the provisions of Tenn. Const. Art. II, §§ 1 and 2, directing the separation of powers of each branch of government. Because the tribunal is said to be a court, appellant insists that either its members or those administrative judges enforcing the statutory remedies must meet the qualifications of state judges under Tenn. Const., Art. VI, § 4. It is also insisted that some of the remedies available under the statutes in question are similar to those generally available in ordinary tort actions with the result that the statutes deny the constitutional guarantee of trial by jury under the Tennessee Const., Art. I, § 6.

Almost identical challenges to similar statutes in Kentucky and Missouri were considered and found to be without merit in the cases of *Kentucky Commission on Human Rights v. Fraser*, 625 S.W.2d 852 (Ky.1981) and *Percy Kent Bag Co. v. Missouri Commission on Human Rights*, 632 S.W.2d 480 (Mo.1982).

We find the reasoning in those cases persuasive. While the constitutions of those states are not identical to those in Tennessee, they are in most respects similar. The interpretations of the constitutions of those states are also consistent with cases from this Court construing the provisions of the Tennessee Constitution.

■ The statutes in question provide that after notice and a hearing the Human Rights Commission shall issue an order stating its findings of fact and conclusions of law with respect to whether there has or has not been a discriminatory practice. T.C.A. § 4–21–305.

In the event of a finding that discrimination does exist, the Commission is authorized under T.C.A. § 4–21–306 to order various types of affirmative action. Appellant does not question most of these, but insists that the provisions of Subsection 8 violate the separation of powers in that the Commission may order:

"Payment to the complainant of damages for an injury, including humiliation and embarrassment, caused by the discriminatory practice, and cost, including a reasonable attorney's fee."

Appellant insists that the Tennessee Human Rights Commission is not a licensing or regulatory body but that it is authorized to dispose of private disputes between private litigants. Appellant insists that the latter function is not appropriate for an administrative agency and is exclusively a function of the state judicial department. Appellant insists that no other administrative agency has such authority.

As pointed out by the Kentucky Court of Appeals in the *Fraser* case, *supra,* in most jurisdictions of the United States workers' compensation claims are processed through administrative agencies or industrial commissions. Tennessee is one of the few states in which the workers' compensation system is administered through the judicial branch rather than an administrative agency. As pointed out by the Kentucky court, however, workers' compensation cases generally do not involve licensing or regulation but simply are the adjudication of private disputes between private parties. The workers' compensation systems in the United States have almost universally been held constitutional, even though they utilize administrative agencies, do not provide for trials by jury and involve only private disputes.

Beyond question the Tennessee Human Rights Commission administers policies or programs promulgated by the Tennessee General Assembly. Even though there is no licensing feature or strictly regulatory practice as is true with many state administrative agencies, this agency is charged with the administration of public policy in prohibiting unlawful practices in employment, public accommodations and housing. These are state and national policies of great importance.[1] In our opinion, their enforcement may in the first instance be entrusted to an administrative agency.

It is important to note that T.C.A. § 4–21–307 provides for judicial review of any order of the Commission. Further, the Commission itself has no authority or power to enforce its orders. Unless there is voluntary compliance, the Commission must obtain an enforcement order from the chancery court. In the event of an appeal for judicial review or in the event of the filing of an enforcement procedure by the Commission, T.C.A. § 4–21–307(b)(6) provides:

"The court shall have power to grant such temporary relief or restraining order as it deems just and to enter an order enforcing, modifying and enforcing as modified, or setting aside in whole or in part the order of the commission; or remanding the case to the commission for further proceedings."

The Commission itself has no power to enforce its own orders, including any so-called judgments for unliquidated damages. It must seek enforcement through the chancery court and that court must approve the order in all respects. Otherwise the court may modify the order or reverse it entirely. It is true that T.C.A. § 4–21–307(b)(5) provides that findings of fact by the Commission shall be conclusive unless clearly erroneous in view of the probative and substantial evidence on the whole record. In the *Fraser* case, *supra,* the Kentucky Court of Appeals construed similar statutory language. It held that this provision requires that there be material and substantial evidence to support factual findings but that the statute does not require courts to enforce arbitrary or capricious findings. While this standard of review is somewhat more restrictive than that provided in the Uniform Administrative Procedures Act, T.C.A. § 4–5–322(h), it is not much more narrow than the standard used in cases involving common law certiorari, T.C.A. § 27–8–101 to 123 and T.C.A. § 27–9–114.

In addition to instituting or appealing an administrative proceeding, a claimant may file a civil action in chancery court to enjoin violations and recover actual damages sustained, together with costs and attorneys' fees. T.C.A. § 4–21–311.

Neither the administrative remedies nor those provided in direct court actions are limited to common law unliquidated damages. In our opinion the fact that a trial

1. *Cf. Hoge v. Roy H. Park Broadcasting of Tenn.,* *Inc.,* 673 S.W.2d 157 (Tenn.App.1984).

by jury is not available under the statutes in question does not render them unconstitutional. The rights sought to be protected are created by statute; and the General Assembly, in our opinion, may provide appropriate remedies for the enforcement of those rights. *Cf. National Labor Relations Board v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937).

In our opinion the administrative agency involved here is not a court, even though the agency may possess judicial characteristics as well as those which are legislative or executive. *See In re Cumberland Power Co.*, 147 Tenn. 504, 249 S.W. 818 (1923). There is ample provision for judicial review of its actions, and court action is necessary before its orders may finally be enforced. The agency is authorized to make appropriate rules and regulations to achieve well-defined legislative goals, policies and objectives. Under these circumstances we do not find that there is any violation of the principle of separation of powers nor any requirement that commission members, administrative judges or other personnel enforcing the statutory provisions must possess the qualifications of and must be selected in the manner provided for state judges.

The judgment of the trial court is affirmed at the cost of appellant. The cause will be remanded to that court for entry of any further orders necessary and collection of costs accrued there.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.