### Gloria "Dody" BELCHER

v.

### SEARS, ROEBUCK AND CO.

No. 3–88–0130.

United States District Court, M.D. Tennessee, Nashville Division.

June 8, 1988.

Rose Mary Drake, Lafevor & Drake, Nashville, Tenn., for plaintiff.

Maurice Wexler, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, Tenn., Richard D. Bird, John P. Doyle, Nashville, Tenn., for defendant.

## MEMORANDUM

HIGGINS, District Judge.

On January 15, 1988, the plaintiff, Gloria "Dody" Belcher, filed this action against the defendant, Sears, Roebuck and Co., in the Chancery Court for Davidson County, Tennessee.

On February 16, 1988, the defendant, Sears, Roebuck and Co. (Sears), filed a petition for removal from the Chancery Court of Davidson County, Tennessee, to this Court, pursuant to 28 U.S.C. § 1441(a).

---

The defendant alleges the Court has original jurisdiction under 28 U.S.C. § 1332. The plaintiff, Gloria "Dody" Belcher, is a citizen of Tennessee, and the defendant, Sears, is a corporation incorporated under the laws of the State of New York, with its principal place of business in the State of Illinois.

The plaintiff alleges claims of sex discrimination under Tenn.Code Ann. §§ 4–21–105 and 4–21–104 and a claim of age discrimination under Tenn.Code Ann. § 4–21–105,[1] pursuant to the Tennessee Human Rights Commission Act, T.C.A. § 4–21–101, *et seq.*, (THRCA). The plaintiff alleges that when Sears eliminated her job and failed to promote her to the position of Area Sales Manager she was constructively dismissed. The plaintiff alleges that Sears offered her the option of taking a job in T.V. sales at about one-third of her prior pay or resigning with seven months' pay. The plaintiff further alleges that those persons promoted to the position of Area Sales Manager were less qualified than she was and were promoted instead of her because they were younger and/or because they were men. The plaintiff contends that she has suffered "serious embarrassment and humiliation" and has and will incur loss of wages and benefits as a result of her allegedly improper dismissal. Among the other types of relief which she requests, the plaintiff requests compensatory damages, including, but not limited to, front pay in the amount of $460,000.00.

On February 19, 1988, the defendant filed a motion, pursuant to Rule 12, Fed.R. Civ.P., to dismiss or strike the complaint in part. The defendant moves to strike or dismiss all allegations or claims set out in the complaint or its prayer for relief referring to compensatory damages including damages for emotional injury, including "serious embarrassment and humiliation." The defendant argues that under Tenn. Code Ann. § 4–21–311 the plaintiff's claims for damages may not include compensatory damages for physical or emotional injury, including "serious embarrassment and humiliation." The defendant, therefore, contends that the Court lacks subject matter jurisdiction with respect to plaintiff's claims for compensatory damages.

The plaintiff filed a response on March 23, 1988. The plaintiff argues that under Tenn.Code Ann. §§ 4–21–311 she may bring a claim for actual damages and that the term actual damages is the equivalent of compensatory damages, which includes damages for "serious embarrassment and humiliation."

For the reasons stated below, the Court disagrees with the plaintiff's interpretation of the phrase actual damages and grants the defendant's motion (filed February 19, 1988) to dismiss or strike all allegations or claims set out in the complaint which refer to compensatory damages, including damages for "serious embarrassment and humiliation." Therefore, the plaintiff's claims for "serious embarrassment and humiliation" (paragraph 10 of the complaint) and compensatory damages (paragraph 1 of the prayer for relief) are dismissed.

## I.

This action was originally brought in the Chancery Court for Davidson County, Tennessee. A federal court sitting in a case removed pursuant to diversity jurisdiction can exercise no more or no less jurisdiction than the court from which the case was removed. Therefore, the issue before the Court is whether the Chancery Court would have had subject matter jurisdiction over the plaintiff's claims for compensatory damages, "serious embarrassment and humiliation." In deciding this issue, the Court is governed by *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the *Erie* doctrine, this Court must determine and apply the law of Tennessee, and, if the state law has not been clearly delineated, this Court has the duty to determine, as best it can from the available sources, what the Tennessee Su-

1. In 1985 Tenn.Code Ann. §§ 4–21–103 through 4–21–133 were transferred to new locations within the chapter. Tenn.Code Ann. § 4–21–104 is now section 4–21–202 and § 4–21–105 is now section 4–21–401. The plaintiff alleges jurisdiction under Tenn.Code Ann. § 4–21–124 which is now section 4–21–311.

preme Court would do if presented with the same issue.

The Tennessee Chancery Court has jurisdiction over this action pursuant to Tenn. Code Ann. § 4–21–311 which provides:

> 4–21–311. Additional remedies preserved.—Any person deeming himself or herself injured by any act in violation of the provisions of this chapter shall have a civil cause of action in chancery court to enjoin further violations, and to recover the actual damages sustained by him or her, together with the cost of the lawsuit, including a reasonable fee for his or her attorney of record, all of which shall be in addition to any other remedies contained in this chapter.

Therefore, the question before this Court is whether the term actual damages as used in Tenn.Code Ann. § 4–21–311 includes compensatory damages for injuries, including emotional injuries such as "serious embarrassment and humiliation."

## II.

■ This issue has not been addressed by the Tennessee Supreme Court. In addition, although this issue has been addressed by the Tennessee Court of Appeals in *Taff v. Media General Broadcast Services, Inc.*, Shelby Equity No. 32, filed November 3, 1986 [available on WESTLAW, 1986 WL 12240], *Taff* is an unreported decision and, therefore, is not general authority and does not establish a precedent. *Cook v. State*, 506 S.W.2d 955 (Tenn.Ct.App. 1973) *cert. denied* (1974); *Board of Commissioners v. Obion County*, 188 Tenn. 666, 222 S.W.2d 7, 9 (1949). Therefore, this Court must determine as best it can what the Supreme Court would do if presented with this issue.

In 1980, when the legislature amended the original THRCA, it amended the portion of the THRCA setting forth the purpose and intent of the THRCA to include as one of the purposes "to provide for execution within Tennessee of the policies embodied in the Federal Civil Rights Acts of 1964, 1968 and 1972 and the Age Discrimination in Employment Act of 1967 (ADEA), as amended." Tenn.Code Ann. § 4–21–101.

*See, Hoge v. Park Broadcasting of Tennessee, Inc.*, 673 S.W.2d 157, 159 (Tenn. App.1984). Since the THRCA was intended to be similar to the above listed federal counterparts, the Court is reluctant to interpret the term actual damages in a manner inconsistent with the interepretation which has been given damage provisions of Title VII and the ADEA by the federal courts. In the Sixth Circuit, the damage provisions of both Title VII and the ADEA have been interpreted so as not to provide for an award of compensatory damages. *Harrington v. Vandalia–Butler Board of Education*, 585 F.2d 192 (6th Cir.1978), *cert. denied*, 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979); *Hill v. Spiegel*, 708 F.2d 233 (6th Cir.1983). In addition, the courts in this Circuit have interpreted the term actual damages so as not to include compensatory damages. *See e.g., Shirley v. Brown and Williamson Tobacco Co.*, 608 F.Supp. 78, 79 (E.D.Tenn.1984). (Report and Recommendation of the Magistrate); *Graham v. Holiday Inns, Inc.*, (W.D.Tenn. No. 85–2431 Ga.) [available on WESTLAW, 1986 WL 15783].

Reading the THRCA as a whole, the Court believes that the Tennessee Supreme Court would adopt the reasoning of *Shirley* and *Graham*, *supra*, and would find that the Legislature was using the term actual damages in a limited sense which does not include compensatory damages. The THRCA provides alternate routes to pursue a claim. The claimant may bring a direct court action pursuant to Tenn.Code Ann. § 4–21–311 or proceed through an administrative procedure pursuant to Tenn. Code Ann. §§ 4–21–302 through 4–21–307. Claimants choosing the administrative route may recover "damages for an injury, including humiliation and embarrassment, caused by the discriminatory practice...." Whereas, claimants choosing the direct action may recover only actual damages. In *Shirley, supra.*, the Court stated:

> The use of this different terminology is evidence that the legislature did not intend claimants pursuing the judicial route to have the full range of compensatory damages available to them that

were obviously made available to those pursuing an administrative remedy. *Shirley*, at 79–80.

The Court finds that the judicial route does not afford a claimant the opportunity to recover the full array of damages available administratively. The Court concludes that the most logical interpretation of actual damages under Tenn.Code Ann. § 4–21–311 is that the plaintiff has the same remedy available judicially under the THRCA as she would have under Title VII or the ADEA. Therefore, the Court finds that the term actual damages does not include compensatory damages.

Accordingly, the defendant's motion to dismiss the plaintiff's claims for "serious embarrassment and humiliation" (paragraph 10 of the complaint) and compensatory damages (paragraph 1 of the prayer for relief) is granted.

An appropriate order will be entered.