Olivia HANNAH, Plaintiff,

v.

PITNEY BOWES, INC., Defendant.

No. CIV-3-88-902.

United States District Court,
E.D. Tennessee, N.D.

April 21, 1989.

MEMORANDUM OPINION

JORDAN, District Judge.

This is a diversity action removed by the defendant from State Court to this Court; it involves claims of sex discrimination brought under the law of the State of Tennessee, T.C.A. §§ 4–21–101, et seq. On March 15, 1989, the Court entered an Order [Doc. 10] requiring the parties to show cause why the plaintiff's jury demand should not be stricken in light of the lack of any provision allowing a jury trial under T.C.A. §§ 4–21–101, et seq., which was enacted to enforce "the policies embodied in the federal Civil Rights Acts of 1964, 1968, and 1972, the Pregnancy Amendment of 1978, and the Age Discrimination in Employment Act of 1967, as amended," T.C.A. § 4–21–101(a)(1) (Supp.1988). The parties have both filed briefs on the issue. [Docs. 11 and 15.]

This case does not involve federal law and thus this Court must attempt to follow State law under the Erie doctrine. That obligation is, however, extremely difficult to perform when no directly controlling precedent exists in Tennessee on the issue. The defendant relies heavily on dicta in Plasti–Line, Inc. v. Tennessee Human Rights Commission, 746 S.W.2d 691 (Tenn. 1988), and the statute's reference to Title VII, 42 U.S.C. §§ 2000e, et seq., under which federal courts have held that no right to a jury attaches because only equitable relief is contemplated by the federal statute. See, e.g., Lehman v. Nakshian, 453 U.S. 156, 164, 101 S.Ct. 2698, 2703–04, 69 L.Ed.2d 548 (1981); Great American Federal Savings and Loan Association v. Novotny, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979). The plaintiff relies upon T.C.A. § 21–1–103 to entitle her to a trial by jury, contending that the actual damages language of T.C.A. § 4–21–311 refers to more than equitable relief and intends to include compensatory damages; moreover, the plaintiff discusses Tennessee law extensively and notes that Plasti–Line, Inc. did not address the application of T.C.A. § 21–1–103 and merely observed that nowhere in T.C.A. §§ 4–21–101, et seq., is the right to a jury trial expressly granted.

Under T.C.A. § 21–1–103, "[e]ither party to a suit in Chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, save in cases involving complicated accounting, as to such

accounting, and those elsewhere excepted by law or by provisions of this code...." A Chancery jury does not, however, render a general verdict and merely responds to special interrogatories limited to "any material fact in dispute." *Third National Bank v. American Equitable Insurance Company*, 27 Tenn.App. 249, 178 S.W.2d 915, 919 (1943). The Tennessee Court of Appeals has noted that the right to a jury trial in Chancery Court has had an uncertain history, *Hurt v. Earnhart*, 539 S.W.2d 133, 135–136 (Tenn.App.1976), and whether the special verdicts of a Chancery jury are merely advisory or conclusive "depends upon a combination of three things, *viz.*: (a) the nature of the litigation, (b) the statutes in existence at the time of the holding, and (c) whether the jury was called for by either of the parties or by the Chancellor." *Id.*, at 136. Absent a statute, "the general rule of law in this State now is that a party to a suit of an inherently equitable nature in the Chancery Court cannot demand a jury as a matter of right." *Id.*

The Tennessee Legislature enacted the Human Rights Act, T.C.A. §§ 4–21–101, *et seq.*, to enforce the federal policies embodied in federal civil rights statutes; however, the Tennessee Human Rights Act is not a mirror image of the federal statutes. In *Hoge v. Roy H. Park Broadcasting of Tennessee*, 673 S.W.2d 157 (Tenn.App. 1984), the Court of Appeals noted that the State statute authorizes a direct action without resort to a precedent administrative procedure, citing what is now codified as T.C.A. § 4–21–311. *Id.*, at 160. Under T.C.A. § 4–21–311, a plaintiff may recover actual damages. Although the Tennessee Legislature referred to the policies of the federal Civil Rights Acts in T.C.A. § 4–21–101, clearly it did not intend to impose the same procedural requirements upon a plaintiff and simply because the Tennessee statute refers to the federal statute does not mean that Tennessee has adopted wholesale the federal scheme. Tennessee's Human Rights statute refers to a number of federal Civil Rights Acts, at least one of which, the Age Discrimination in Employment Act of 1967, permits a trial by jury. *See, e.g., Lorillard v. Pons*, 434

U.S. 575, 580–583, 98 S.Ct. 866, 869–872, 55 L.Ed.2d 40 (1978). The conclusion does not, therefore, follow that the simple reference to Title VII, under which no jury trial may be had, resolves the issue before this Court.

Moreover, the language used by the State Legislature does not preclude construing the actual damages provision of T.C.A. § 4–21–311 to mean compensatory damages and that such construction was intended is supported by the express reservation in this section that its remedies "shall be in addition to any other remedies contained in this chapter." The defendant relies heavily on *Belcher v. Sears, Roebuck and Company*, 686 F.Supp. 671 (M.D.Tenn. 1988), to support its interpretation that the actual damages language of T.C.A. § 4–21–311 is merely equitable relief of the same nature as permitted under Title VII. *Belcher*, however, either ignored or was unaware of the holding of the Tennessee Court of Appeals in *Taff v. Media General Broadcast Services, Inc.*, Shelby Equity Number 32, Slip Opinion, 1986 WL 12240 (Tenn.App. November 3, 1986), in which the Western Section held that actual damages means compensatory damages. Slip.Op. at pp. 7–9.

In *Plasti–Line, Inc.*, *supra*, the Tennessee Supreme Court noted that "a claimant may file a civil action in Chancery Court to enjoin violations and recover actual damages sustained," *id.*, at 693, observing that "[n]either the administrative remedies nor those provided in direct court actions are limited to common-law unliquidated damages," *id.* Although the State Supreme Court then went on to state that "the fact that a trial by a jury is not available under the statutes in question does not render them unconstitutional," *id.*, at 693–694, the Court was not faced with the precise issue of whether a jury could be demanded pursuant to T.C.A. § 21–1–103 in cases brought under T.C.A. § 4–21–311. In *Smith County Board of Education Association v. Anderson*, 676 S.W.2d 328 (Tenn.1984), however, the State Supreme Court construed T.C.A. § 21–1–103 to mean that a party in Chancery Court may de-

mand a jury to decide issues of fact in "cases of a purely equitable nature," with certain exceptions, *id.*, at 336 (citation omitted). The right conferred by T.C.A. § 21–1–103 is "a broad right to a trial by a jury." *Id.*, at 337.

■ This Court finds that the dicta in *Plasti–Line, Inc.* is not determinative of the issue in this case and that if the Tennessee Supreme Court were directly confronted with this issue, it would follow its express holding in *Smith County Board of Education Association v. Anderson,* to permit a jury to try the factual issues in a case brought in Chancery Court under T.C.A. § 4–21–311, despite the omission of the legislature to specify in the Human Rights Act whether a jury could be demanded, which is the most that *Plasti–Line, Inc.* can mean or it cannot be reconciled with *Anderson.* The Court, therefore, concludes that actual damages are not limited to equitable relief under T.C.A. § 4–21–311 and that actual damages means compensatory damages; thus, the case is not purely equitable in nature. Regardless, a statute in Tennessee allows a party to invoke a broad right to a jury trial, even in many cases of an equitable nature, and the plaintiff has properly made such a demand in this case. This Court is bound by Tennessee law on this issue. The jury demand will not be stricken but the Court does expressly note that the jury will be impaneled solely for the purpose of answering specific interrogatories.

Accordingly, the Court ORDERS that the jury demand NOT BE STRICKEN and that the parties SUBMIT proposed special interrogatories for submission to the jury at least ten (10) days prior to trial.