**Andy E. NICKEL and Margie Nickel, husband and wife, Plaintiffs,**

**v.**

**R. Denny JACKSON, d/b/a States Oil Company, Defendant.**

**Civ. No. 74-50-D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

March 4, 1974.

On Motion for Summary Judgment
June 24, 1974.

Graft & Rodolph, Clinton, Okl., Herbert M. Graves, Oklahoma City, Okl., for plaintiffs.

Gary F. Glasgow, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Upon consideration of Plaintiffs' Motion To Remand and Defendant's Opposition thereto, the Court finds that the Motion should be denied.

Plaintiffs brought this suit in the District Court of Custer County, Oklahoma to cancel an oil and gas lease on land situated in said county. On January 11, 1974 Defendant timely removed this suit to this Court on the basis of diverse citizenship and the presence of the required jurisdictional amount. 28 U.S.C. § 1441(a); 28 U.S.C. § 1332. Plaintiffs now move to remand on the premise that their suit did not involve the required jurisdictional amount of $10,000.00. There appears to be no disagreement that diverse citizenship is present.

In support of their Motion under consideration Plaintiffs attach an affidavit which states that the consideration for the oil and gas lease involved when executed on September 18, 1972 was $2,400.-00. Defendant counters, in opposition to the Motion to Remand, that since the oil and gas lease was obtained on the above date the value thereof has been greatly enhanced by the drilling and completion at considerable cost of a well capable of producing gas on the unit of which the lease is a part and that on the date of the removal herein the oil and gas lease which Plaintiffs seek to cancel herein had a value in excess of $10,000.00 or much more than was paid for the same some sixteen months earlier.

▮ The time to ascertain if the requisite jurisdictional amount necessary to invoke Federal Court jurisdiction is present is the time the petition for removal is filed. Woerter v. Orr, 127 F.2d 969 (Tenth Cir. 1942); Hatridge v. Aetna Casualty & Surety Company, 415 F.2d 809 (Eighth Cir. 1969).

▮ In treating with an oil and gas lease with reference to said jurisdictional

amount, the pecuniary value of said lease is the diminished value of the mineral interest burdened with the lease or its increased value without the lease. A. C. McKoy, Inc. v. Schonwald, 341 F.2d 737 (Tenth Cir. 1965). Defendant affirmatively states that such pecuniary value at the time of removal exceeds $10,000.00. It is appropriate to consider this issue from the standpoint of the removing Defendant. Hatridge v. Aetna Casualty & Surety Company, *supra;* Ronzio v. Denver & R. G. W. R. Co., 116 F.2d 604 (Tenth Cir. 1940); Wright, Federal Courts, 2d Ed. p. 143. As Plaintiffs have not shown this to be incorrect to a legal certainty, the Court will now accept Defendant's affirmative allegation as to the presence of the required jurisdictional amount. Saint Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283 at page 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). There is no showing made to the Court that Defendant's verified assertion in his Petition For Removal that the controversy exceeds the sum of $10,-000.00 has been made in bad faith except perhaps the aforementioned affidavit which is based on an inapplicable date. Saint Paul Mercury Indemnity Company v. Red Cab Company, *supra.* It appears to the Court from what has been presented that there is a probability that the value of the matter in controversy exceeded the jurisdictional amount at the time of removal. Absolute certainty as to this amount is not essential. Wright, Federal Courts, 2d Ed. p. 116 citing: Wiley v. Sinkler, 179 U.S. 58, 21 S.Ct. 17, 45 L.Ed. 84 (1900); Aetna Casualty & S. Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024 (1947); Bishop Clarkson Memorial Hospital v. Reserve Life Ins. Co., 350 F.2d 1006 (Eighth Cir. 1965). The Defendant has carried its burden to show that the required amount is in controversy. Hatridge v. Aetna Casualty & Surety Company, *supra.*

Accordingly, the Motion to Remand is overruled this 4th day of March, 1974 without prejudice to being renewed at the trial. The Plaintiffs are ordered to respond with supporting Brief to the Defendant's pending Motion To Dismiss within fifteen (15) days from the date hereof.

## ON MOTION FOR SUMMARY JUDGMENT

The Court has under consideration Defendant's Motion for Summary Judgment, with two Affidavits, certain Reports, Findings and Orders of the Oklahoma Corporation Commission, the Oil and Gas Lease involved and Brief in support of the Motion and Plaintiffs' Response which opposes said Motion.

This action arises from the execution of an Oil and Gas Lease by Plaintiffs on the West Half (W ½), Section 35, T15N, R16W, located in Custer County, Oklahoma. The lease was for a term of one year from September 18, 1972. The Plaintiffs filed this action in the District Court of Custer County, Oklahoma seeking an adjudication that the lease had been cancelled because production of oil and gas in paying quantities had not been obtained within the one year term of the lease. The case was properly removed to this Court by Defendant.

Defendant as assignee-lessee of said lease has filed a Motion for Summary Judgment which is supported by affidavits and documents and a brief. The Affidavits in support of said Motion and the Reports, Findings and Orders of the Oklahoma Corporation Commission reveal that on May 8, 1959, April 27, 1965 and June 13, 1967 the Oklahoma Corporation Commission established a 640 acre drilling and spacing unit for Section 35, T15N, R16W for the production of oil and gas from certain formations including the Morrow Sand, that an oil and gas well was commenced on said Section on September 10, 1973; that constant and diligent drilling operations were conducted to the date the Affidavit of the Manager of Lands of Defendant Company was executed on April 26, 1974. A further Affidavit dated June 4, 1974 states that Defendant is in the process of completing a gas well in the Morrow formation in the drilling and spacing unit of which the leased land is a part.

Defendant urges that the lease remains in full force and effect under the following language in the lease:

"If the lessee shall commence to drill a well within the term of this lease or any extension thereof, or on acreage pooled therewith, the lessee shall have the right to drill such well to completion with reasonable diligence and dispatch, and if oil and gas, or either of them, be found in paying quantities, this lease shall continue and be in force with like effect as if such well had been completed within the term of years first mentioned."

This is known as a commencement provision or a "commencement lease."

Plaintiffs in their response urge that the commencement provision in the lease has been invalidated because the paragraph preceding the one in which the commencement provision is found was stricken from the agreement. The stricken paragraph is commonly known as the delay rentals provision. Plaintiffs assert that the striking of the delay rentals provision indicates an intent on the part of the parties to make the lease in question a "production" type lease rather than a "commencement" type as urged by Defendant. They offer no legal authority for such assertion. They claim that the stricken delay rentals provision "plays hand in hand" with the commencement provision. They assert the general proposition that the lease should be construed most strongly against lessees.

■ The Court does not agree that the stricken delay rental provision invalidates the commencement provision. This latter provision is applicable to commencement of an oil and gas well within the term of the lease. The uncontroverted facts show that the well was commenced within said term and in no manner does the stricken delay rentals pro-

vision come into play. The reason for striking the annual delay rental provision of the lease is obvious for the lease was only for one year and no delay rental would be due under a lease of such duration.

■ Though afforded the opportunity, Plaintiffs have failed to counter the affidavits and Oklahoma Corporation Commission Orders of Defendants that a well was commenced in the drilling and spacing unit of which the W ½ of Section 35, T15N, R16W was a part within the original term of the lease and that drilling operations have been diligently conducted since said date and a well is being completed in a spaced formation and thus have failed to set forth specific facts showing that there is a genuine issue for trial as required by Rule 56, Federal Rules of Civil Procedure.[1]

■ The commencement provision of an oil and gas lease was considered in Simons v. McDaniel, 154 Okl. 168, 7 P. 2d 419 (1932) wherein the Court stated:

"Therefore we hold that the grant to lessee plaintiff of the right to commence a well at any time within the term fixed by the lease contract, by necessary legal implication, carried with it the right to complete the well after the period fixed for commencement had expired, subject, however, to abandonment of that right by failure to proceed in good faith and with diligence."

The commencement provision in the lease involved herein by its terms is consistent with the above holding. The Court thus concludes that the Oil and Gas Lease executed by Plaintiffs on September 18, 1972, which has been assigned to Defendant continues in effect by reason of the commencement of an oil and gas well within the term of the lease followed by diligent drilling and completion operations in good faith on acreage pooled

---

1. In part this Rule provides:
"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

with the leased land. Plaintiffs are not entitled to an adjudication that the lease was cancelled because "production" of oil and gas in paying quantities was not obtained within the one year term.

Defendant's Motion For Summary Judgment is sustained as no genuine issue for trial is present and Defendant is entitled to summary judgment as a matter of law. Plaintiffs' action should be dismissed. Counsel for Defendant is directed to prepare a Judgment and submit the same to the Court within ten (10) days of the date hereof.