**Dorothy Druin ELLIS, Plaintiff,**

v.

**The LOGAN COMPANY, Defendant.**

**No. C 82–0153–L(B).**

United States District Court,
W. D. Kentucky,
Louisville Division.

May 12, 1982.

Philip Kimball, Louisville, Ky., for plaintiff.

Dorothy Pitt, Richard S. Cleary, Louisville, Ky., for defendant.

## MEMORANDUM AND ORDER

BALLANTINE, District Judge.

The defendant Logan Company (employer) removed this age and sex discrimination action from Jefferson Circuit Court to this Court when, by its computations, the damages claimed by plaintiff Dorothy D. Ellis (employee) surpassed the $10,000 jurisdictional minimum set out in Title 28 U.S.C. Section 1332. The case now stands submitted on plaintiff's motion to remand the case to state court.

By complaint filed July 10, 1981, the plaintiff alleged that in the fall of 1980, the employer imposed inferior working conditions on her and that on February 6, 1981, the employer wrongfully discharged her, in violation of KRS 344.040(1).[1] By Para-

---

1. "Employers, discrimination.—It is an unlawful practice for an employer:

(1) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to his com-

graph 5 of the complaint, the employee set out her damages as follows: lost wages, employer FICA contributions, medical insurance benefits, and pension benefits, all in an amount not in excess of $10,000. The employee demanded $250,000 in compensatory damages for the resultant personal humiliation and mental and emotional distress she suffered. A reasonable attorney fee, as provided by KRS 344.450, was also requested.

The defendant answered, denying the existence of any illegal employment activity and asserting that the employee's poor job performance supported the discharge. The employer further denied that damages for humiliation are recoverable in this action. By interrogatory, the defendant sought to determine the dollar amounts and underlying calculations for the lost wages and benefits. The employer directed another question at the terms of the employee's fee arrangement with her attorney. By virtue of the plaintiff's answers to the interrogatories, received March 2, 1982, the defendant ascertained that the damages claimed (excluding the amount for humiliation and distress) had exceeded $10,000, thereby providing the jurisdictional amount necessary for original (and removal) diversity jurisdiction in this Court. Title 28 U.S.C. Sections 1332, 1441(b). The defendant filed the petition for removal on March 5, 1982.

■ The time to ascertain whether the requisite jurisdictional amount necessary to invoke federal jurisdiction is present is the time the petition for removal is filed. *Nickel v. Jackson*, 380 F.Supp. 1389 (W.D.Okl. 1974). It is appropriate to consider the question from the removing defendant's standpoint. *Id.* at 1391. The plaintiff does not dispute the defendant's computations of lost wages and benefits, but takes exception to the figure for attorney fees. The plaintiff's attorney characterizes the amount which the defendant ascribes to attorney fees as "an unliquidated amount based on the hearsay testimony of the Respondent herself and not her attorney." He adds

that on the present state of the record, no fee would be awarded.

■ It is well settled that statutory attorney fees can be considered in determining whether the jurisdictional amount has been met. *Clark v. National Travelers Life Insurance Company*, 518 F.2d 1167 (6th Cir. 1975). Although the case law on this issue has developed largely from plaintiffs' attempts to establish federal jurisdiction by the inclusion of attorney fees, we see no reason not to apply the same principles to the defendant's attempt to establish removal jurisdiction.

The amount of the attorney fee must be reasonable. The plaintiff stated that the fee would be the lesser of a retainer plus contingency or retainer plus hourly rate. The defendant's figure of $4,066 represents the lesser of the two, computed as of March 2. The sum appears to be within the realm of reasonableness.

■ The Court is concerned, however, that the plaintiff's attorney denounces the sworn responses of his client, which were, according to the preamble to her answers, made by the plaintiff with counsel. If her attorney considered the interrogatory concerning fees objectionable, he could have stated the reasons for his objection in lieu of the answer. F.R.Civ.P. 33. The defendant has suggested that an evidentiary hearing on the amount of the attorney fee in this case would resolve the question, and the Court is in agreement.

The second argument advanced in support of the plaintiff's motion to remand is that the removal petition was not timely filed; that is, it was not filed within 30 days of the defendant's receipt of the complaint. Title 28 U.S.C. Section 1446(b). The plaintiff maintains that the request for a total of $260,000 in compensatory damages plus a reasonable attorney fee established, at the outset, an amount in controversy exceeding $10,000. The defendant denies that the plaintiff is entitled to any damages for humiliation, and therefore,

pensation, terms, conditions or privileges of employment, because of such individual's race,

color, religion, national origin, sex, or age between forty (40) and seventy (70)...."

claims it was necessary to wait until the actual damages (lost wages) had accumulated before seeking removal.

 For the proposition that compensatory damages for humiliation and embarrassment are recoverable in this action, the plaintiff relies on the case of *Kentucky Commission on Human Rights v. Fraser,* Ky., 625 S.W.2d 852 (1981). The case is inapposite, however, for it authorizes the Kentucky Commission on Human Rights (Commission), not a court of record, to award such damages after an investigation, a hearing and a finding of a violation of KRS 344.040. In lieu of this administrative route, the plaintiff chose to initiate her complaint in circuit court under KRS 344.-450, which would entitle her to an injunction and actual damages.

The statement in KRS 344.450 to the effect that these civil remedies "shall be in addition to any other remedies contained in this chapter," does not imply that the plaintiff can sidestep the administrative processes of the Commission and still claim in her circuit court action the remedies delegated to that administrative body.

The Kentucky legislature stated that the purpose of the Kentucky Civil Rights Act, KRS Chapter 344, is to effectuate the policies of, *inter alia,* the federal Civil Rights Act of 1964, Title 42 U.S.C. Sections 1971, 1975a–1975d, 2000a–2000h–6, and the federal Age Discrimination in Employment Act of 1967, Title 29 U.S.C. Sections 621–634. Neither of these federal counterparts provides for the award of compensatory damages. *Harrington v. Vandalia-Butler Board of Education,* 585 F.2d 192 (6th Cir. 1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979) [no compensatory damages under Title VII of the Civil Rights Act of 1964 for sex discrimination in employment]; and *Rogers v. Exxon Research and Engineering Company,* 550 F.2d 834 (3rd Cir. 1977) [no damages for pain and suffering and mental distress in cases under the Federal Age Discrimination in Employment Act].

Because the action was not initially removable, but became so with the accrual of lost wages over time, we hold that the removal petition was timely filed by the defendant within 30 days of receipt of answers to interrogatories which made it first ascertainable that the damages which could be recovered in the action had exceeded the jurisdictional amount. Title 28 U.S.C. Section 1446(b).

This matter is set for Tuesday, June 8, 1982, at 10:30 a. m. for an evidentiary hearing on the issue of the value of the attorney fee at the time of removal. A ruling on the motion to remand will be withheld pending the hearing.