**Howard C. BERRY, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

No. C 79–0541–L(B).

United States District Court,
W. D. Kentucky,
Louisville Division.

June 28, 1982.

Richard Caslin, George Riggs, Jr., Louisville, Ky., for plaintiff.

John Tarrant, Ed Hopson, Louisville, Ky., for defendant.

## MEMORANDUM

BALLANTINE, District Judge.

The sole issue for determination on defendant's motion for partial summary judgment in this diversity case is whether compensatory damages for psychological distress, humiliation, pain and suffering may be recovered in an action brought under the Age Discrimination in Employment Act of 1967 (ADEA), Title 29 U.S.C. Section 621 *et seq.* and the Kentucky Civil Rights Act, KRS 344.010 *et seq.*

■ The four Circuit Courts of Appeals which have decided this issue have held that compensatory damages are not awardable under the ADEA. *Slatin v. Stanford Research Institute,* 590 F.2d 1292 (4th Cir. 1979); *Vazquez v. Eastern Airlines Company,* 579 F.2d 107 (1st Cir. 1978); *Dean v. American Security Insurance Co.,* 559 F.2d 1036 (5th Cir. 1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research and Engineering Co.,* 550 F.2d 834 (3rd Cir. 1977). This Court is neither persuaded nor bound by the plaintiff's cases to the contrary emanating from various district courts and we will follow the reasoning in the appellate court opinions.

Concerning the pendent state claim, this Court, as a federal court deciding a diversity case in Kentucky, is required by *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to second-guess the Supreme Court of Kentucky. Although that court has not squarely addressed this issue, it has recently discussed the propriety of such an award by the Kentucky Commission on Human Rights (Commission) in the case of *Kentucky Commission on Human Rights v. Fraser,* Ky., 625 S.W.2d 852 (1981). In *Fraser* the employer challenged the constitutionality of KRS 344.230. That section empowers the Kentucky Commission on Human Rights to order affirmative action when the commission finds that an employer has engaged in unlawful discrimination. The statute provides in pertinent part:

"(3) Affirmative action ordered under this section may include but is not limited to:

\*     \*     \*     \*     \*     \*

(h) Payment to the complainant of damages for injury caused by an unlawful practice including compensation for humiliation and embarrassment, and expense incurred by the complainant in obtaining alternative housing accommodations and for other costs actually incurred by the complainant as a direct result of such unlawful practice."

The Supreme Court of Kentucky held that this legislative grant of power to the commission to award damages for humiliation did not amount to an unconstitutional delegation of judicial power, nor did it deprive a party of his right to trial by jury. Although the Court upheld the statute and the Commission's award, it did not have before it the question at bar—whether a circuit court, in an action brought pursuant to KRS 344.450, possesses the authority to award similar damages. That section provides:

Any person deeming himself injured by an act in violation of the provisions of this chapter shall have a civil cause of action in circuit court to enjoin further violations, and to recover the actual damages sustained by him, together with the costs of the law suit, including a reasonable fee for his attorney of record, all of which shall be in addition to any other remedies contained in this chapter.

Reading Chapter 344 as a whole, we conclude that the legislature created a dual system for enforcement of the Act. One avenue for a complainant is via the administrative process. The statute provides for the establishment of the Commission and sets out in detail its procedures, powers and duties in investigating and resolving grievances. KRS 344.150–.230. The statute also provides for judicial review of the Commission's order in circuit court. KRS 344.240.

■ Instead of proceeding in the administrative forum, the plaintiff chose to initiate his complaint in circuit court pursuant to KRS 344.450, which limits his remedies to injunctive relief and actual damages. Conspicuously absent from that section is a legislative grant of authority to order damages for humiliation, as in KRS 344.230.

The statement in KRS 344.450 to the effect that the civil remedies "shall be in addition to any other remedies contained in this chapter," does not imply that the plaintiff can sidestep the administrative processes of the Commission and still claim in the circuit court action the remedies delegated to that administrative body.

■ It is our conclusion that the legislature designed the two procedures to be alternative, not identical means of obtaining relief. Our reading of *Fraser, supra,* in which the Supreme Court of Kentucky upheld that delegation, supports our prediction that the Kentucky courts would construe the Act in this way as well.

The purpose of the Kentucky Civil Rights Act is to effectuate the policies of the ADEA in Kentucky. KRS 344.020. Because we conclude that the federal counterpart does not authorize compensatory damages for humiliation, there is further support for the construction of KRS 344.450 which we adopt here. See also, *Ellis v. The Logan Company,* No. C 82–0153–L(B) (W.D. Ky., 1982), reaching the same result in construing the Kentucky Civil Rights Act with reference to Title VII, and denying damages for emotional distress under KRS 344.-450.

The defendant's motion for partial summary judgment shall be granted, and that portion of the plaintiff's claim for recovery of compensatory damages for "psychological distress, pain and suffering and loss of an accurate image of self-worth" shall be dismissed.