**Eric EASTON, Plaintiff,**

v.

**LOUISVILLE AND JEFFERSON COUNTY BOARD OF HEALTH, Defendant.**

**Civ. A. C 85–1059–L(A).**

United States District Court, W.D. Kentucky, at Louisville.

April 13, 1987.

Kenneth L. Sales, William R. Kenealy, Segal, Isenberg, Sales, Stewart & Cutler,

Kyle Anne Citrynell, Louisville, Ky., for plaintiff.

David A. Brill, Goldberg & Simpson, P.S.C., Louisville, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

ALLEN, Senior District Judge.

This matter is before the Court on defendants' motion for clarification of a previous ruling. The specific question presented is whether KRS Chapter 344 permits recovery in this Court of damages for mental anguish and embarrassment. After extensive examination of this issue, we have determined that KRS 344.450 permits recovery of such damages, and that this Court should accept pendent jurisdiction of the claim made pursuant to that statute.

KRS Chapter 344, first enacted in 1974, declares its policy to be "execution within the state of the policies embodied in the federal Civil Rights Act of 1964 ..., Title VIII of the federal Civil Rights Act of 1968 ..., and the federal Age Discrimination in Employment Act." KRS 344.020. The statutory scheme provides two alternative routes for redress: A complainant may go to the Commission on Human Rights, which has investigative and adjudicative authority and is subject to judicial review, or the complainant may proceed directly to court. Both bodies have injunctive power.

As is to be expected from a statute delegating significant authority to an administrative agency, the sections discussing the Commission's powers are quite detailed. KRS 344.230(3)(h) sets out with specificity the Commission's authority to order "payment ... of damages ... including compensation for humiliation and embarrassment." In contrast, the section authorizing direct resort to court is far more general, referring simply to a civil action "to recover the actual damages sustained ..., together with the costs of the law suit, including a reasonable fee for his attorney of record." KRS 344.450.

In *Ellis v. Logan Co.*, 543 F.Supp. 586 (W.D.Ky.1982) (age and sex discrimination) and in *Berry v. General Electric Co.*, 541 F.Supp. 800 (W.D.Ky.1982) (age discrimination), both diversity cases, this District ruled that the term "actual damages" in KRS 344.450 is equivalent to "lost wages." In support of this interpretation, the court pointed to the stated purpose of the statutory scheme (enforcement of federal civil rights laws) and observed that compensatory damages other than lost wages are not recoverable under any of the federal civil rights acts. There was at that time almost no Kentucky case authority to guide interpretation of the statutory language.

A possible justification for a difference in the character of damages available in the two schemes is the requirement that the Commission support its award. KRS 344.230; *Kentucky Comm'n on Human Rights v. Barbour*, 587 S.W.2d 849 (Ky. App.1979). A jury verdict would be accompanied by no such findings.

In reaching the conclusion in *Berry* and *Ellis*, the court rejected the applicability of the case of *Kentucky Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852 (Ky.1981). That case arose from an appeal from a decision by the Commission, and involved the employer's challenge to the constitutionality of adjudication by the Commission. The Kentucky Supreme Court rejected the challenge, holding that neither the denial of jury trial nor the authority of the Commission to award damages for humiliation and emotional distress was improper. As the court observed, the case was concerned with the administrative side of the statutory scheme and it did not directly address the judicial side.

A careful reading of *Fraser*, however, yields some moderately disturbing dicta. For example, at page 855, in rejecting the notion that the statute is defective for failing to provide a "specific monetary ceiling for the award of damages for humiliation and embarrassment," the court observed:

> Once the Commission's function as a factfinder in a due process hearing has been upheld, there is no reason why the Commission should be held to a specified dollar limit while a jury deciding the same case would not be similarly limited.

Such language suggests strongly that the Kentucky Supreme Court believed that damages for humiliation and embarrassment *would* be an issue for a jury in a non-Commission case. Similarly, in commenting on the reason for permitting such damages, the Court noted:

> Humiliation and embarrassment lie at the core of the evil which the Kentucky Civil Rights Act was designed to eradicate. If victims are to be fairly compensated for these injuries, the factfinder must be free to assess reasonable damages *as a jury would,* provided that there is sufficient evidence to support the finding.

*Fraser,* 625 S.W.2d at 855 (emphasis added).

Admittedly, this language is obiter dictum, but we believe it would have been entirely possible for the writing judge or any other judge of this District to have reached the opposite conclusion in the *Berry* and *Ellis* cases. Aside from a denial of a petition for a writ of prohibition—which provides no guidance—there is no record of appellate activity in either case.

With so little guidance, it was entirely appropriate to serve the interests of predictability and uniformity by continuing to follow the published lead. In this way, it became the law of this District that damages for humiliation and emotional distress would not be awarded under any circumstances in employment discrimination cases.

State civil rights acts and actions for damages pursuant to such statutes are common. See, e.g. 15 Am.Jur.2d Civil Rights § 261; 85 A.L.R.3d 351. Accordingly, it is somewhat surprising that no district court has published a limitation like that adopted by this District in *Berry* and *Ellis.*

Analyzing a Tennessee statute with language very similar to that in the Kentucky statute, a Magistrate in the Eastern District of Tennessee relied on *Berry* and *Ellis* and recommended that the Tennessee statute be similarly interpreted as denying damages for humiliation and emotional distress when the judicial route is chosen.

Significantly, the District Court declined to adopt so broad a rule, and held only that such damages would not be permitted where the state cause of action was presented as a matter of *pendent* jurisdiction. *Shirley v. Brown and Williamson Tobacco Co.,* 608 F.Supp. 78 (E.D.Tenn. 1984).

The source of federal jurisdiction is an extremely important consideration. A state cause of action included as pendent to the federal complaint comes before the Court as a hitchhiker, and its vehicle is federal question jurisdiction. Accordingly, a district court has some discretion in deciding whether to hear the state claim. Among the considerations is whether the state claim issues would predominate. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). On this basis, some courts have declined pendent jurisdiction of state employment law claims where the damages available far exceeded those available under federal statutes. *Pascoe v. Hoyle Lowdermilk, Inc.,* 614 F.Supp. 546 (D.Colo.1985). *Marquez Velez v. David M. Puerto Rico Graphic,* 622 F.Supp. 568 (D.Puerto Rico 1985).

In the present case, however, we do not believe it would be appropriate to reject pendent jurisdiction. We have already noted that compensatory damages (other than backpay alone) are available pursuant to 42 U.S.C. Sec. 1981. Consequently, it cannot be said that the state statutory damages claim would predominate, and we believe pendent jurisdiction should be exercised in this case. Thus, we may limit damages with respect to the state statutory claim only if we conclude that KRS 344.450 precludes recovery in court of non-backpay compensatory damages recoverable administratively.

In the interim between *Berry* and *Ellis* and the present, Kentucky has not published a case squarely recognizing the availability of humiliation and emotional distress damages in the judicial setting. Nonetheless, in the interim, a Kentucky opinion has come down, which, though it addresses the matter only by dictum,

makes it almost impossible to continue to hold that a Kentucky court would deny damages for humiliation and emotional distress.

In *McNeal v. Armour and Co.*, 660 S.W. 2d 957 (Ky.App.1983), the specific question presented was whether the plaintiffs could maintain a court action pursuant to Chapter 344 while they had pending a claim with the Equal Employment Opportunity Commission. In reaching its decision, the Court discussed the differences between the federal remedy and the state *judicial* remedy (i.e., that provided by KRS 344.450):

> KRS 344.450 provides somewhat broader relief for litigants than 42 U.S.C. 2000e et seq. in that by reference to KRS 344.-020(1)(b) and KRS 344.020(2) it allows claims for damages for humiliation and personal indignity, see *Kentucky Commission on Human Rights v. Fraser*, Ky., 625 S.W.2d 852 (1981), while federal courts have consistently refused to award damages for any sort of intangible injuries in cases brought solely under 42 U.S.C. 2000e *et seq.*

*McNeal*, 660 S.W.2d at 958.

At page 959, the *McNeal* court noted:

> [W]e have good reason to believe that the [employees] have not forfeited their claim for damages for humiliation, personal indignity, and other intangible injuries under KRS 344.450 simply because they have elected to proceed in a federal forum.

This language is irreconcilable with the notion that KRS 344.450 does not authorize awards of damages for humiliation and emotional distress. In view of this clear language, we do not believe we can continue to take the position that KRS 344.450 fails to authorize recovery of damages for humiliation and emotional distress. If such a limitation is to be accomplished, it must be done by Kentucky's courts or by its General Assembly.

Accordingly,

IT IS ORDERED that the previous statements of this Court are clarified to permit plaintiff to press his claims pursuant to KRS 344.450 for damages for humiliation and emotional distress.