Eddie MITCHELL, III,
Plaintiff–Appellee,

v.

SEABOARD SYSTEM RAILROAD,
Defendant–Appellant.

No. 88–5939.

United States Court of Appeals,
Sixth Circuit.

Argued April 13, 1989.
Decided Aug. 18, 1989.

Cecil E. Davenport (argued), Philip C. Kimball, Louisville, Ky., for plaintiff-appellee.

William A. Blodgett (argued), Woodward, Hobson & Fulton, Louisville, Ky., for defendant-appellant.

Before KEITH and KENNEDY, Circuit Judges; and McQUADE, District Judge.[*]

McQUADE, District Judge.

The defendant-appellant appeals the district court's award of damages to the plaintiff-appellee as a result of racially-motivated harassment contrary to both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Kentucky Civil Rights Act, Ky.Rev.Stat.Ann. § 344.010 *et seq.* (Baldwin 1988). Mitchell had worked for the defendant in remote locations between 1984 and 1987 solely to avoid a racially-biased supervisor, Steve Tayse. Defendant does not appeal the trial court's finding of discrimination. The district court awarded Mitchell $11,257.04 for extra mileage and food expenses incurred while working in these remote locations, and $7,500.00 on his state law claims of humiliation and embarrassment. The court also granted injunctive relief:

> prohibiting the defendant from engaging in any further employment practice violative of Title VII with respect to the plaintiff. Said injunctive relief shall not be construed to interfere with the operation of defendant's collective bargaining agreement or with the admission, suspension, expulsion, employment, advancement or any other employment decisions regarding the plaintiff for any reason

other than discrimination on account of race.

*Mitchell v. Seaboard System Railroad, Inc.*, C–85–0122–L(M) at 31, (W.D.Ky. Nov. 13, 1987). It is the damage award and the injunctive relief that defendant appeals.

The district court found that Mitchell's Title VII damages were $440.00 for mileage driven during five weeks in August, 1984 [1]; $2,933.04 for mileage driven from May 8, 1985 [2] to December, 1985 when the petitioner worked on roving gangs [3]; $24.00 for food in March, 1985; and $6,600.00 for mileage driven during 1986 and 1987. These calculations were made, in part, on Mitchell's testimony that from 1985 through 1987, he drove an additional 20,000 miles a year to work at jobs outside of Tayse's territory. The court found that the August, 1984 mileage was one-tenth of the annual additional 20,000 miles or 2,000 miles, and compensated Mitchell 22¢ per mile, for a total of $440.00. Mitchell's mileage from May 8, 1985 to December, 1985, was calculated as two-thirds of the annual additional miles of 20,000, or 13,333 miles, and compensated at 22¢ per mile, or $2,933.00. Mitchell was awarded 30,000 miles for 18 months from 1986 and 1987, and was compensated at 22¢ per mile, for a total of $6,600.00.

■ The defendant-appellant contends that the district court improperly awarded damages for meals and mileage in the Title VII action. We agree. This court has repeatedly held that prevailing plaintiffs in Title VII actions are entitled to equitable relief coupled with back pay and fringe benefits [4], but not compensatory damages. *See, e.g., Boddy v. Dean*, 821 F.2d 346 (6th

---

[*] The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation.

1. The district court stated in its opinion that this amount was for August, 1987, but a review of the transcript and the findings of the court indicates that this is a typographical error and should be read as August, 1984.

2. The district court stated in its opinion that this date was May 8, 1986. However, a review of the transcript and the district court's findings of fact indicates that this date must be May 8, 1985.

3. Roving gang members travel and receive fringe benefits of mileage and food allowances. Members of stationary gangs do not receive these fringe benefits.

4. *Rasimas v. Michigan Department of Mental Health*, 714 F.2d 614, 626 (6th Cir.1983), *cert. denied*, 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984).

Cir.1987); *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir.1986); *Farmer v. ARA Services, Inc.*, 660 F.2d 1096, 1107 (6th Cir.1981). Other circuit courts are in accord. *See, e.g., Bennett v. Carroon & Black Corp.*, 845 F.2d 104, 106 (5th Cir. 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1140, 103 L.Ed.2d 201 (1989); *Protos v. Volkswagon of America, Inc.* 797 F.2d 129 (3d Cir.), *cert. denied,* 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986); *Patzer v. Board of Regents of the University of Wisconsin System,* 763 F.2d 851, 854 n.2 (7th Cir.1985); *Shah v. Mt. Zion Hospital and Medical Center,* 642 F.2d 268, 272 (9th Cir.1981). Fringe benefits include sick and vacation pay and mileage expenses which an employer would have paid the employee in the normal course of business. *Rasimas v. Michigan Department of Mental Health,* 714 F.2d 614, 626 (6th Cir.1983), *cert. denied,* 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984). In contrast, compensatory damages are those which repay an individual for out-of-pocket losses and less tangible losses, such as harm to reputation and personal humiliation. *Memphis Community School District v. Stachura,* 477 U.S. 299, 307, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986).

■ Seaboard paid roving gang members an allowance for mileage expenses. That allowance is clearly a fringe benefit. What is unclear is the amount of the allowance and the instances in which the plaintiff was or was not paid the allowance. In other words, there is no evidence upon which a damage figure for the mileage allowance can be calculated. Mitchell Testimony Volume 2 at 55, 59. Appendix at 120–122. To the extent the district court may have awarded the plaintiff compensation for mileage in excess of the company's allowance, that portion of the court's award is not a fringe benefit and not recoverable under Title VII.

In addition, Mitchell is not entitled to the $24.00 food allowance award. At the time the expense was incurred, Mitchell worked as a stationary gang member and was not entitled to a meal allowance as a fringe benefit. Indeed, even if Mitchell had held the job to which he was entitled, he would not have been eligible for a meal allowance.

■ Compensatory damages are, however, recoverable under the Kentucky Civil Rights Act. Section 344.450 of the Act provides in relevant part:

> Any person deeming himself injured by any act in violation of the provision of this chapter [the Kentucky Civil Rights statutes], shall ... recover the *actual* damages sustained by him.

Ky.Rev.Stat.Ann. § 344.450 (Baldwin 1988) (emphasis added). "Actual damage is most appropriately defined as all those damages directly and naturally resulting, in the ordinary course of events, from the injury in question." *Nelson v. Tobacco States Chemical Co.,* 85–Ci–608, at 3 (Fayette Cir. Ct. Aug.1986). Plaintiff's additional mileage and meal expenses directly resulted from Tayse's racial harassment.

There is, however, no evidence to support the food awards for March, 1985, and for the seven months in Lexington, Kentucky on stationary gang duty, and no evidence to support the mileage awards for June 24, 1985 through August, 1985, and for January 6, 1986 through 1987. At various points in the record, Mitchell states that he worked in Lexington, and that he worked on "rail gangs" and roving gangs, but the times, duration, and location of the work are not found within the transcript. *See, e.g.,* Appendix at 103, 123; Mitchell's Testimony at Volume 3 at 58, 65.

The mileage awards of August, 1984, and from May 8, 1985 through June 23, 1985, are supported by the record. Appendix at 108–109 and 129. To the extent that the mileage awards are supported by evidence, Mitchell should be awarded $440.00 for August, 1984, $1,100.00 for August, 1985 through December, 1985 (500 miles at 22¢ per mile), and $550.00 for one and one-half months in 1985, (2,500 miles at 22¢ per mile), for a total mileage award of $2,090.00. Despite the appellant's contentions that Mitchell "guesstimated" the additional 20,000 miles traveled a year, we find that the district court's findings are supported by evidence and are not clearly erroneous. Although it is arguable that

Mitchell's mileage allowance should be subtracted from the court's mileage award, the record does not establish that Mitchell received any fringe benefits for mileage in August, 1984, or for the entire year of 1985. Accordingly, the court declines to subtract his mileage allowance from the award.

Next, defendant argues that the district court erred in awarding plaintiff $7,500.00 for humiliation and embarrassment. Defendant contends that damages for humiliation and embarrassment are not recoverable under Ky. Rev.Ann. § 344.450 (Baldwin 1988). In *Ellis v. Logan Co.*, 543 F.Supp. 586 (W.D.Ky.1982) and *Berry v. General Electric Co.*, 541 F.Supp. 800 (W.D.Ky. 1982), the court found that such damages were not provided for in § 344.450.

More recently, however, a Kentucky Court of Appeals found that Ky.Rev.Stat. Ann. § 344.450 (Baldwin 1988) permits a recovery for humiliation and embarrassment. *McNeal v. Armour & Co.*, 660 S.W.2d 957, 958–59 (Ky.Ct.App.1983). The Kentucky Court of Appeals found that the Kentucky statute at issue provides broader relief than does the federal statute, including damages for humiliation, personal indignity and other intangible injuries. *Id.* Following the lead of the *McNeal* court, the United States District Court for the Western District of Kentucky found that the statute authorized recovery for damages for humiliation and emotional distress. *Kaisler v. SCM Corporation*, No. C–86–0745–L(A) (W.D.Ky. Apr. 7, 1987). Consequently, we affirm the district court's award of $7,500.00 for humiliation and embarrassment.

Finally, defendant argues that the district court's injunctive relief violates Fed.R.Civ.P.65(d) because it is not specific. That rule mandates that an injunction shall "be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." In this case, the district court enjoined the defendants "from engaging in any further employment practices violative of Title VII with respect to the plaintiff and in keeping with the opinions expressed herein." Because the language "in keeping with the opinions expressed herein" refers to another "document," it does not comport with the requirements of Rule 65(d) and because the district court's reference to Title VII has the same objectionable feature, we cannot affirm the district court's injunctive relief. We agree, however, with the district court that injunctive relief is required, and on remand, the district court is instructed to grant the following injunctive relief:

> The defendants are hereby enjoined from discriminating against Mitchell on account of his race with respect to his compensation, terms, conditions or privileges of employment. The defendants are further enjoined from limiting, segregating or classifying Mitchell on account of his race so as to deprive him of employment opportunities.

Accordingly, the judgment of the district court is affirmed in part and reversed in part. This cause is remanded to the district court with instructions: (1) to vacate the damage award only under Title VII and to enter an additional award of damages under Ky.Rev.Stat.Ann. § 344.450 in the amount of $2,090.00; and (2) to grant injunctive relief as stated in this opinion.