**Lucius William WOOD, Etc., et al., Plaintiffs,**

v.

**MALIN TRUCKING, INC., et al., Defendants.**

**Civil Action No. 94–537.**

United States District Court,
E.D. Kentucky,
Lexington.

July 31, 1995.

Charles R. Coy, Coy, Gilbert & Gilbert, Richmond, KY, for Oliver Martin, plaintiff.

Benjamin J. Hays, Hays & Hays, Winchester, KY, for Lucius William Wood, as administrator of the estate of Nellia Mae Wood, executor plaintiff.

Michael J. Cox, Boehl, Stopher & Graves, Lexington, KY, for defendants.

**OPINION AND ORDER**

FORESTER, District Judge.

**I. INTRODUCTION**

This negligence action stems from a tractor trailer/pick-up truck collision that oc-

curred on July 8, 1993, on Interstate 64 in Clark County, Kentucky, resulting in injuries to Oliver Martin, the owner and driver of the pick-up truck, and fatal injuries to Nellia Mae Wood, a passenger in Martin's pick-up truck.

This action began as two separate actions filed in state court. On March 30, 1994, Plaintiff Lucius William Wood, Administrator of the Estate of Nellia Mae Wood, filed a wrongful death action in Clark Circuit Court (94–CI–85) against the Defendants, Malin Trucking, Inc., the owner of the tractor trailer, and Thomas G. Hand, the operator of the tractor trailer, alleging that Hand was negligent in operating the tractor trailer and that his negligence caused the collision in question, resulting in the death of his decedent. Plaintiff's complaint in that action (94–CI–85) did not specify the amount of damages being sought from the Defendants, simply alleging that the damages sought exceeded the minimum jurisdictional limits of the Clark Circuit Court.

Subsequently, on June 20, 1994, Plaintiff Oliver Martin, the owner and operator of the pick-up truck that collided with the tractor trailer on July 8, 1993, filed an action in Clark Circuit Court (94–CI–186) against the same Defendants, Malin Trucking, Inc., and Thomas G. Hand, alleging that Hand was negligent in operating the tractor trailer and that his negligence caused the collision in question, resulting in personal injuries to him. Plaintiff's complaint in that action (94–CI–186) did not specify the amount of damages being sought from the Defendants, simply alleging that the damages sought exceeded the minimum jurisdictional limits of the Clark Circuit Court.

The Defendants answered the Complaint in 94–CI–186 on or about July 12, 1994, and answered the Complaint in 94–CI–85 on or about August 5, 1994. Thereafter, by Agreed Order entered on August 31, 1994, the Clark Circuit Court consolidated 94–CI–85 and 94–CI–186 for all purposes, pursuant to Kentucky Rule of Civil Procedure 42.01, and the parties proceeded to engage in discovery. On or about November 16, 1994, Plaintiff Oliver Martin responded to the Defendants' Interrogatories and Requests for Production of Documents. The answers given by Oliver Martin to the Defendants' Interrogatories indicated that he was seeking damages from the Defendants in excess of $50,000. On December 14, 1994, within thirty days from receipt of Oliver Martin's answers to their Interrogatories, the Defendants filed a Notice of Removal, based on diversity of citizenship and the requisite amount in controversy, pursuant to 28 U.S.C. §§ 1332 and 1441.

This matter is before the Court on the motion of Plaintiff Lucius Wood and joined in by Plaintiff Oliver Martin to remand this action to state court. This motion is fully briefed and is ripe for review.

## II. THE MOTION TO REMAND

As grounds for their motion to remand, Plaintiffs contend that in removing this action, the Defendants failed to comply with 28 U.S.C. § 1446, which specifies that a Notice of Removal must be filed within thirty (30) days after receipt of the initial pleading or, if not removable at the initial pleading stage, within thirty (30) days after receipt of an amended pleading, motion, order, or other paper from which it can be ascertained that an action has become removable. Plaintiffs contend that since their respective complaints were filed on March 30, 1994 and June 20, 1994, and since the Defendants' Notice of Removal was not filed until December 14, 1994, such notice of removal is procedurally defective, requiring the remand of this action to state court. Plaintiffs also argue that due to the nature of their claims against the Defendants, it could easily be assumed that the damages sought in either of their actions would exceed $50,000; therefore, the Defendants waited too long to file their Notice of Removal and have waived their right to remove this action. Plaintiffs cite several cases in support of their motion to remand; however, none of these cases is primary authority.

In objecting to Plaintiffs' motion to remand, the Defendants point out that being mindful of the dictates of Fed.R.Civ.P. 11, they were required to have a reasonable basis in law and in fact that the requisite amount in controversy was being sought in

this action before they could in good faith file a Notice of Removal. Since the jurisdictional amount for filing an action in Clark Circuit Court is considerably less than $50,000, and since the Plaintiffs' respective complaints did not seek a specific damage award, simply alleging that the damages sought exceeded the minimum jurisdictional limits of the Clark Circuit Court, the Defendants submit that they had no knowledge that either of the Plaintiffs would be seeking damages in excess of $50,000 until they received Oliver Martin's answers to their Interrogatories on or about November 16, 1994.

The Defendants assert that once they knew that each Plaintiff was seeking damages in excess of $50,000, then they timely removed this action, and that prior to receiving information from the Plaintiffs in discovery, given the few facts known to them about the Plaintiffs at the time their complaints were filed, they had no reason to suspect that each Plaintiff's respective claims for damages would exceed $50,000. For example, the Defendants point out that Nellia Mae Wood was unemployed at the time of this accident and had not worked for several years, and that the only job she was known to have performed recently was collecting aluminum cans, presumably for recycling; therefore, her estate's claim for loss of power to earn money would be minimal. The Defendants also reasoned that since she died in the collision, her estate would not be entitled to damages for pain and suffering and would only be entitled to funeral/burial expenses. Therefore, the Defendants state that they had no legitimate basis to believe that her estate would be seeking damages in excess of $50,000.

Concerning Plaintiff Oliver Martin, the Defendants state that all that was known to them at the time his Complaint was filed was that he had struck his knee during the collision and that they had no reason to know or believe that his injury was serious enough to support a claim for damages in excess of $50,000. The Defendants advise that they first learned that Martin was seeking damages greater than $50,000 when they received his answers to their Interrogatories on or about November 16, 1994, indicating that he was seeking damages of about $120,000. Consequently, the Defendants submit that this action was timely removed on December 14, 1994.

### Analysis

As a general rule, when a complaint fails to allege the requisite amount in controversy upon which to base removal, it is appropriate to engage in discovery to determine the amount of damages being sought. The defendant may rely on information obtained in discovery to remove an action within thirty days of receipt of such information. *See, e.g., Ellis v. Logan Co.,* 543 F.Supp. 586, 589 (W.D.Ky.1982) ("removal petition was timely filed by the defendant within 30 days of receipt of answers to interrogatories" pursuant to § 1446(b)); *Miller v. Stauffer Chem. Co.,* 527 F.Supp. 775, 778 (D.Kan.1981) (plaintiffs' answers to defendant's interrogatories established, for the first time since complaint was filed, that damages being sought were sufficient for removal); *Fleming v. Colonial Stores, Inc.,* 279 F.Supp. 933, 934 (N.D.Fla.1968) (answers to interrogatories created basis for removal, where complaint had not been specific as to amount).

[2] The issue of when the thirty-day period for removal begins to run when the complaint does not seek a specific amount of damages was also addressed in *Rollwitz v. Burlington N.R.R.,* 507 F.Supp. 582, 588–89 (D.Mont.1981), wherein the court stated:

> We have already observed that once the question of the amount in controversy has been placed in issue by the allegations by a timely petition for removal and consequent motion to remand that the court must undertake to make an independent evaluation of the value of the suit. We note in passing, however, that the same considerations do not necessarily apply when the issue is whether the defendant should be allowed to invoke the second paragraph of § 1446(b) to preserve the right of removal, i.e., the timeliness of removal. No purpose is served by requiring the defendant, or the court, to speculate as to the amount in controversy when that amount can be ascertained from the plaintiff within a reasonable time through normal discovery procedures. If the amount in controversy

does not appear upon filing of the original complaint, the thirty-day period commences to run anew upon the receipt by the defendant of some subsequently filed pleading or other paper from which the defendant can first ascertain the case is removable. 28 U.S.C. § 1446(b). (footnotes omitted).

The *Rollwitz* court made the following comment on the dilemma presented to a defendant by forcing him to speculate as to the amount of a plaintiff's claim for damages upon receipt of the complaint:

> Adopting a rule which requires speculation as to the removability of an action places the defendant in a quandry [sic]: If he estimates that the requisite jurisdictional amount is in controversy and removes, and the plaintiff contests that estimate by motion to remand, the defendant will be required to pay the 'just costs' of his error in judgment if the court concludes that removal was improper. 28 U.S.C. § 1447(c). On the other hand, if the defendant estimates that removal is impossible only to have it appear after thirty days have passed that in fact more than the requisite amount was always in controversy, the right of removal would be lost if the court then concludes that removability was apparent from the initial pleadings. *See Horak [v. Color Metal of Zurich, Switzerland,* 285 F.Supp. 603 (D.N.J.1968) ], and [*Lee v.] Altamil [Corp.,* 457 F.Supp. 979 (M.D.Fla.1978) ]. Neither result is justified or necessary in a case where the plaintiff, if given the opportunity, is capable of stating the amount in controversy.

507 F.Supp. at 588, n. 7.

Given the fact that neither of the Plaintiff's respective complaints specified that the damages being sought exceeded $50,000, based on the limited amount of information known to the Defendants about the Plaintiffs upon receipt of their complaints, it was reasonable for the Defendants to conclude at that time that this action was not subject to removal. When these actions were initially filed, it was impossible for the Defendants to have known with "legal certainty" that this action was removable. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). As succinctly pointed out in *Rollwitz,* the Defendants herein should not have been required to "speculate," "guess," "assume," or "expect" that this action was removable at the time the complaints were filed. Once the Defendants learned through discovery that each Plaintiff's claims for damages exceeded $50,000, they timely filed a Notice of Removal, pursuant to 28 U.S.C. § 1446(b).

### III. CONCLUSION

For the reasons stated above, based on the facts of this particular case and the applicable case law, the Court concludes that the Defendants timely removed this action from state court.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' motions to remand this action to Clark Circuit Court [DE ## 3, 4] are **DENIED**.