Donald STORBALL, Plaintiff,

v.

ATLANTIC RECORDING CORPORATION, Ruth McLaughlin, Peter Lopez, Time Warner, K–Tel International, and John Does 1–50, Attorneys and Agents, Individuals and Corporations, Jointly and Severally, Defendants.

No. CIV. A. 97–40276.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 24, 1997.

Gregory J. Reed, Detroit, MI, for Plaintiff.

John H. Dudley, Jr., Butzel, Long, Detroit, MI, for Defendants.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

GADOLA, District Judge.

Before the court is a motion for remand filed by plaintiff, Donald Storball, on August 1, 1997.[1] Pursuant to Local Rule 7.1(e)(2), this court has determined that oral argument will not significantly aid in the disposition of this motion. For the reasons set forth below, this court will deny plaintiff's motion for remand.

**Factual Background**

Plaintiff is a songwriter and a member of the Capitols, a 1960's musical group. The instant suit arises from the alleged misappropriation of a song written and performed by plaintiff. Plaintiff contends that defendant, K–Tel International ("K–Tel"),[2] has been licensing the use of recorded performances of plaintiff's material without his authorization. Plaintiff also contends that K–Tel has not paid amounts he is owed under the licensing agreements as the performing artist and songwriter.

On October 7, 1996, plaintiff filed a complaint in Wayne County Circuit Court asserting claims of breach of fiduciary duty, breach of contract, conversion, vicarious liability, civil conspiracy and unjust enrichment. The complaint did not specify the amount of damages claimed by plaintiff, other than to assert that the damages exceeded the State court jurisdictional limit of Ten Thousand Dollars ($10,000.00). On June 23, 1997, plaintiff submitted a mediation summary claiming damages in the amount of $82,535.48, plus interest. On July 17, 1997, plaintiff filed a revised mediation summary requesting damages in the amount of $92,435.00, plus interest. On July 22, 1997, K–Tel filed a notice of removal of the action to this court. On July 29, 1997, after receiving the notice of removal, plaintiff submitted another revised mediation summary claiming damages in the amount of $67,435.00, plus interest.

On August 1, 1997, plaintiff filed the instant motion for remand.

**Discussion**

Plaintiff argues that this court must remand the instant case because it lacks subject matter jurisdiction.

The parties agree that plaintiff has not asserted any claims arising under federal law. As a result, this case must meet the diversity requirements of 28 U.S.C. § 1332 in order for this court to have jurisdiction. Section 1332 provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> (1) citizens of different States ....

28 U.S.C. § 1332. The parties also agree that the instant action is between citizens of different States. Accordingly, the issue before this court is whether the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

Plaintiff's own submissions indicate that the amount in controversy was in excess of $75,000 at the time defendant removed this case. The June 23, 1997 mediation summary includes an explicit claim for damages in the amount of $82,535.48, plus interest. Plaintiff argues that the June 23, 1997 mediation summary cannot be the basis for federal jurisdiction because it includes a claim against Atlantic Records for $15,694.27. Plaintiff asserts that he settled his claims against Atlantic Records, bringing the amount in controversy down to $68,841.21. However, plaintiff's July 17, 1997 revised mediation summary, which asserts claims *only against K–Tel*, includes a claim for damages in the amount of $92,435.00, plus interest. As a result, by plaintiff's own submissions, the amount in controversy was in excess of

---

**1.** While the motion was originally filed on August 1, 1997, this court ordered plaintiff on September 29, 1997 to refile the motion in order to correct certain procedural deficiencies. Plaintiff refiled his motion on October 23, 1997.

**2.** While the plaintiff originally named a number of other defendants when he filed suit, K–Tel is the only defendant remaining in the action.

$75,000, exclusive of interest and costs, at the time this case was removed to this court on July 22, 1997.

■ Plaintiff makes two additional arguments in support of his motion for remand. First, plaintiff argues that K–Tel's removal was not timely. Section 1446(b) provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

28 U.S.C. § 1446(b). The original complaint filed in this action contains no claims arising under federal law, nor does it contain a specific amount of claimed damages. As a result, it is not immediately apparent from the complaint that the case was removable when filed. Plaintiff claims, however, that defendant could have ascertained that the case was removable well before June 22, 1997, making its removal on July 22, 1997 untimely. Plaintiff argues that his mediation summaries were prepared using information submitted to plaintiff by K–Tel. From this plaintiff concludes that K–Tel should have known that the case was removable prior to the date that the mediation summaries were filed.

This court, however, rejects this argument. As noted by the court in *Wood v. Malin Trucking, Inc.,* 937 F.Supp. 614, 616–17 (E.D.Ky.1995):

> 'No purpose is served by requiring the defendant ... to speculate as to the amount in controversy when that amount can be ascertained from the plaintiff within a reasonable time through normal discovery procedures. If the amount does not appear upon filing of the original complaint, the thirty-day period commences to run anew upon the receipt by the defendant of some subsequently filed ... *other paper* from which the defendant can first ascertain the case is removable.'

(quoting *Rollwitz v. Burlington Northern R.R.,* 507 F.Supp. 582, 588–89 (D.Mont.1981))(emphasis added). The "other paper" in this case is the June 23, 1997 mediation summary in which the plaintiff claimed explicitly for the first time that he was entitled to damages in excess of $75,000. This court also finds plaintiff's argument disingenuous given the vehemence with which plaintiff has claimed, and continues to claim, that the case is not removable because he is not seeking damages in excess of $75,000. As a result, this court finds that K–Tel's notice of removal was timely.

■ Plaintiff's second contention is that the July 29, 1997 mediation summary, limiting plaintiff's claim for damages to $67,-435.00, divests this court of jurisdiction. However, this court also rejects this claim. Because the amount in controversy was in excess of $75,000, exclusive of interest and costs, at the time the notice of removal was filed, this court's jurisdiction over the instant case attached on July 22, 1997. As noted by the Supreme Court in *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292–93, 58 S.Ct. 586, 591–92, 82 L.Ed. 845 (1938):

> [T]hough, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction. Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.

(footnotes omitted); *see also Chase v. Shop 'N Save Warehouse Foods,* 110 F.3d 424, 429 (7th Cir.1997); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir.1995); *Angus v. Shiley, Inc.,* 989 F.2d 142, 145 (3d Cir. 1993); *Becker v. Crounse Corp.,* 822 F.Supp. 386, 390 n. 3 (W.D.Ky.1993).

This court notes that the only difference between the July 17, 1997 and the July 29, 1997 mediation summaries is that plaintiff changed the amount of his claim for mechanical royalties from $35,000 to $10,000. In both summaries, the plaintiff bases the amount of claimed mechanical royalties on the assumption that approximately 500,000

units were sold. Yet inexplicably, the amount of royalties to which plaintiff claimed he was entitled dropped by $25,000. Given the circumstances of this case, including the fact that the revised mediation summary was filed within a week after the filing of the notice of removal and two days before plaintiff filed his motion to remand, this court finds that the July 29, 1997 revised mediation summary is a bald attempt to divest this court of jurisdiction. This court finds that "the plaintiff ought not to be able to defeat [defendant's statutory right of removal] and bring the cause back to the state court at his election." *St. Paul,* 303 U.S. at 294, 58 S.Ct. at 593. As a result, this court rejects plaintiff's argument that his July 29, 1997 revised mediation summary divests this court of jurisdiction.

Accordingly, plaintiff's motion for remand will be denied.

Therefore, this court having reviewed the submissions of the parties, and being fully advised in the premises,

IT IS **HEREBY ORDERED** that plaintiff's motion for remand is **DENIED.**

**SO ORDERED.**