OPINION
{¶ 1} Appellants, Fine Cut Diamond Tool Company, Inc. ("Fine Cut") and Marilyn E. Morris ("Morris"), appeal the September 20, 2001 judgment entry of the Ashtabula County Court of Common Pleas awarding appellee, Thomas Keyes, $2,500 in punitive damages.
 {¶ 2} Under the aegis of a program supervised by the Veterans Administration ("the VA"), appellee received an apprenticeship as a diamond cutter at Fine Cut.[1] Pursuant to the terms of this apprenticeship, the VA agreed to purchase for appellee all of the tools that had to be personally owned by persons employed at Fine Cut. The total dollar value of the tools purchased by the VA for appellee was approximately $8,250. Appellee completed his apprenticeship in 1993, at which time the tools became his personal property.
 {¶ 3} On December 14, 1998, appellee gave Morris, the president of Fine Cut, his two-weeks notice. On his last day at work, appellee attempted to remove a microscope that had been purchased for him by the VA under the terms of his apprenticeship. Morris called the sheriff's office, and appellee removed the microscope from his vehicle. Shortly after this incident, appellee returned to Fine Cut to give Morris a list of his tools; however, no action was taken by appellants to return appellee's tools to him. Consequently, appellee filed a complaint in replevin on February 11, 1999. The complaint consisted of five counts: Count I was for wrongful possession of the tools; Count II was for damages for loss of the use of his tools; Count III was for damages for recalibration of appellee's tools; Count IV was for malice; and, Count V was for payment for unused vacation days. Attached to appellee's complaint was a list of his tools.
 {¶ 4} Appellants filed Civ.R. 12(B)(1) and (6) motions to dismiss on May 17, 1999. Appellee filed a motion for default judgment on May 26, 1999. On July 22, 1999, the trial court filed a judgment entry denying appellants' motions and ordering them to file a responsive pleading within fourteen days. On August 11, 1999, the trial court granted appellants an extension of time to file their responsive pleading to appellee's motion for default judgment. Appellants finally filed their responsive pleading on August 16, 1999.
 {¶ 5} On January 28, 2000, appellee filed a motion for summary judgment and attorney fees. Appellants shipped appellee's tools to the trial court on November 20, 2000. In a June 21, 2001 judgment entry, the trial court granted appellee's motion for summary judgment solely on appellee's replevin claim (Count I of his complaint), and ordered that appellee's tools be returned to him immediately.
 {¶ 6} On August 23, 2001, a trial was held to address the remaining issues contained in appellee's complaint, as well as the issue of attorney fees. In its September 20, 2001 judgment entry, the trial court held that appellee had failed to present any evidence in support of the claims set forth in Counts II, III, and V, and dismissed those counts. With respect to Count IV, the trial court found that Fine Cut's actions constituted actual malice, and awarded appellee $2,500 in punitive damages. The trial court chose not to make an award of attorney fees.
 {¶ 7} Appellants have filed a timely appeal and make the following assignment of error:
 {¶ 8} "The trial court erred to the substantial prejudice of [appellants] when it awarded a judgment for punitive damages in [the] amount of $2,500.00."
 {¶ 9} Appellants make two arguments in connection with their sole assignment of error. Appellants' first argument is that appellee's tools were returned to him prior to the trial court's ruling on appellee's motion for summary judgment; therefore, appellants were not guilty of wanton, or reckless conduct. Appellants' second argument is that no actual damages were awarded; therefore, punitive damages could not be awarded.
 {¶ 10} A trial court may not award punitive damages in the absence of proof of actual damages. Anca v. Anca (May 3, 1996), 2d Dist. No. 95-CA-33, 1996 WL 220891, at 3. Therefore, we will begin by addressing the second issue raised by appellant because if the trial court did not award actual damages, it could not award punitive damages.
 {¶ 11} Actual damages are those damages directly resulting from the injury in question. Mitchell v. Seaboard Sys. RR. (C.A.6 1989),883 F.2d 451, 453. They are "damages for an injury as follow from the nature and character of the act, and will put the injured party in the position which he was in before he was injured." State v. Barrett
(Ariz.App. 1993), 864 P.2d 1078, 1080. However, courts have traditionally distinguished between the return of property in a replevin action and damages.
 {¶ 12} In Jedlicka v. Good Mechanical Auto Co. (1984),21 Ohio App.3d 19, 21, the Eighth Appellate District noted that "`[t]he primary relief sought in an action of replevin is the return of the property in specie, and replevin is accordingly regarded basically as a possessory action which may be brought by anyone who owns or has an interest in chattels and is entitled to their possession * * *. Damagesare merely incidental where the property is delivered to the person rightfully entitled to it, and in such cases replevin is partly an action in rem, to regain possession of the goods and chattels, and partly an action in personam, to recover damages for the detention.'" (Emphasis added.) In short, the return of appellee's property to him did not constitute damages. The damages available to appellee, in the instant case, would have been awarded for the detention of the property; however, at the final hearing prior to trial, appellee orally dismissed Count II, which was for damages arising from the loss of the use of his tools.
 {¶ 13} In the absence of an award of nominal or compensatory damages, the trial court improperly awarded punitive damages to appellee, and appellants' assignment of error is well-taken. For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is reversed, and judgment is entered for appellants.
JUDITH A. CHRISTLEY, J., DIANE v. GRENDELL, J. concur.
[1] The record does not contain a start date for this apprenticeship.